UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LIBERTY/MATRIX<br>OF WESTWOOD, LLC, et al., | : | NO. 1:09-CV-00269 |
| | : | |
| Plaintiffs, | : | |
| | : | **OPINION AND ORDER** |
| v. | : | |
| | : | |
| HUNTER PROPERTIES<br>INVESTMENTS, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Motion to Dismiss of Defendant Secretary of Health and Human Services (doc. 11), Plaintiffs' Response in Opposition (doc. 16), and Defendant's Reply (doc. 20). Also before the Court are Plaintiffs' Motion for the Court to Accept Supplemental Jurisdiction over State Law Claims (doc. 14), Defendants' Response in Opposition (doc. 18), and Plaintiffs' Reply (doc. 21). For the reasons indicated herein, the Court GRANTS the Defendant Secretary's Motion to Dismiss Plaintiffs' Claims against the Secretary, and DISMISSES such claims with PREJUDICE. The COURT further DENIES Plaintiffs' Motion, REFUSES to accept supplemental jurisdiction over Plaintiffs' state law claims, and DISMISSES such claims without prejudice to refiling.

**I. Background**

Plaintiffs' claims in this matter arose from the sale of

a nursing home that participates in the Medicare program as a skilled nursing facility (doc. 11). Plaintiffs Liberty/Matrix of Westwood, LLC and Westwood at Harrison Realty, LLC (collectively "Liberty/Matrix") contracted with Defendants Sayva Health Care, Inc. ("Sayva"), Hunter Properties Investments, LLC, and Westwood Property, LLC (collectively the "Non-Federal Defendants") to convey the nursing home (Id.). Liberty/Matrix and the Non-Federal Defendants then sued one another for breach of contract, conversion and unjust enrichment to recover debt allegedly owed to one another under their private contracts (Id.). Although the Secretary of Health and Human Services ("Secretary") was not a party to the private contracts, both parties sought declaratory judgments against the Secretary for Medicare reimbursement (Id.). The parties alleged claims of conversion, unjust enrichment and quantum meruit against the Secretary under the theory that either Medicare erroneously paid the wrong party or it simply failed to make payment altogether (Id.).

Defendant Secretary moved to dismiss Plaintiffs' claims for lack of jurisdiction and for failing to state a claim upon which relief may be granted (Id.). The Secretary further moved to dismiss the cross-claims of Defendant Sayva Health Care, Inc. for lack of subject-matter jurisdiction (Id.). Subsequently, Plaintiffs filed a Response in Opposition to the Secretary's Motion to Dismiss (doc. 16) and the Secretary filed a Reply (doc. 20).

In addition, Plaintiffs moved the Court to accept supplemental jurisdiction over Plaintiffs' claims brought under state law. Defendants filed a Memorandum of Opposition (doc. 18) and Plaintiffs their Reply (doc. 21) such that this matter is now ripe for the Court's consideration.

## II. The Secretary's Motion to Dismiss

### A. Parties' Arguments

Defendant Secretary argues the cross-claims brought by Sayva against the Secretary must be dismissed because the Medicare Act bars subject-matter jurisdiction (doc. 11). Similarly, Defendant claims Sayva failed to properly present its underpayment claims to the Secretary and failed to exhaust its administrative remedies under 14 U.S.C. § 1395 (Id.). Defendant also alleges that like Sayva, Liberty/Matrix failed to exhaust all administrative remedies and subsequently should be foreclosed from judicial review of its $5,309 claim because of the $10,000 amount in controversy requirement for review by the HHS Provider Reimbursement Review Board ("PRRB") (Id.). Additionally, Defendant argues that sovereign immunity was not waived and thus Liberty/Matrix's compaint cannot proceed because this Court lacks subject matter jurisdiction (Id.). Finally, Defendant claims Liberty/Matrix's complaint fails to state a claim upon which relief may be granted because the Medicare Act's anti-assignment provisions preclude relief to an entity other than the provider (Id.).

3

Plaintiffs responded, arguing based on a finding in the Ohio Court of Common Pleas, that the Secretary is a necessary party (doc. 16). Plaintiffs assert that such determination means this Court has jurisdiction because the Secretary is a necessary, proper and indispensible party (Id.). Plaintiffs also claim the administrative procedures do not apply to Plaintiffs because they are not contesting the amount to be paid, but rather whether the money was paid (Id.). As a result, Plaintiffs state they do not have another avenue for judicial review (Id.). Finally, Plaintiffs argue that their complaints were properly pled and did not fail to state claims as required under Fed. R. Civ. P. 12(b)(6) (Id.).

Thereafter, Defendant Secretary filed a Reply in Support of the Motion to Dismiss (doc. 20). Because Plaintiff Sayva voluntarily dimissed its cross-claims, the Secretary only addressed Plaintiff Liberty/Matrix's Response (Id.). In its Reply, Defendant Secretary argues that Liberty/Matrix's claims must be dismissed for lack of jurisdiction (Id.). Defendant alleges the Medicare Act bars judicial review of claims arising under the Medicare Act pursuant to 28 U.S.C. §§ 1331, 1346; 42 U.S.C. §§ 405(h), 1395ii (Id.). Defendant likewise argues Liberty/Matrix has not met the prerequisites for judicial review under 1395oo of the Medicare Act and even if they exhausted administrative remedies, section 1395oo(a)'s amount in controversy threshold of $10,000 would bar review by the PRRB and judicial review of the PRRB's decision

(Id.).  In addition, Defendant contends that being "indispensable" to a suit against  another party cannot create subject-matter jurisdiction if none otherwise exists (Id.).  Finally, Defendant claims Liberty/Matrix's request for an order to compel the Secretary to settle the cost report is moot because it was already settled and paid by the Medicare provider (Id).

Defendant Secretary further asserts that Liberty/Matrix's claims are subject to Section 1395oo because the claims are inextricably interwined with the claim for Medicare reimbursement (Id).  Defendant also argues that because Liberty/Matrix did not present its claims for administrative review and the Medicare Act bars jurisdiction under sections 1331 and 1346, this Court lacks jurisdiction (Id).  Lastly, Defendant points to the fact that sovereign immunity applies to Liberty/Matrix's claims for damages and that Plaintiff has not provided a statutory exception to otherwise excuse the immunity (Id.).

**B. Discussion**

Construing all well-pleaded facts liberally in favor of the Plaintiffs, as the Court is required to do in the context of a motion to dismiss, Scheuer v. Rhodes, 416 U.S. 232, 236, the Court finds it appropriate to dismiss Plaintiffs' Complaint against Defendant Secretary.  Contrary to Plaintiffs' argument (doc. 16), this Court finds no subject-matter jurisdiction to review Plaintiffs' claims.

The Court further finds Plaintiffs' claims subject to 42 U.S.C. § 1395, and finds without merit Plaintiffs' argument that the administrative review procedures under 42 U.S.C. § 1395oo(a) do not apply to Plaintiffs.

Under the Medicare Act, Title XVIII of the Social Security Act, 42 U.S.C. § 1395, the Secretary of Health and Human Services reimburses providers of covered health services to Medicare beneficiaries. <u>Your Home Visiting Nurse Servs. v. Shalala</u>, 522 U.S. 449, 450. A provider seeking such reimbursement submits a yearly cost report to a fiscal intermediary who analyzes the cost report and issues a Notice of Program Reimbursement (<u>Id</u>.). The notice outlines the reimbursement for the year, and if a provider is dissatisfied, under 42 U.S.C. § 1395, they have two methods to have the determination revised (<u>Id</u>.). First, a provider may appeal under 42 U.S.C. § 1395oo to the Provider Reimbursement Review Board (<u>Id</u>.). This decision is subject to judicial review in federal district court (<u>Id</u>.). Second, under 42 CFR § 405.1885, a provider may request the intermediary to reopen the reimbursement determination (<u>Id</u>.).

Here, the Court is unpersuaded by Plaintiffs' argument that they are not subject to administrative review under 42 U.S.C. § 1395. This Court finds Defendant Secretary's argument well taken and agrees that there has been a failure to exhaust administrative remedies.

Similarly, this Court finds correct Defendant Secretary's argument that there has been no waiver of sovereign immunity. As discussed in <u>Truett v. Bowman</u>, 288 F. Supp. 2d 909, 911, "the United States, as sovereign, is immune from suit save as it consents to be sued. . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>Id</u>. at 911, citing <u>United States v. Sherwood</u>, 312 U.S. 584, 586. The court further held that without specific statutory consent, no suit may be brought against the United States. <u>Truett</u> at 911. In the case at hand, Plaintiffs have identified no federal statute indicating that sovereign immunity has been waived. <u>Id</u>. "As evidenced by the Medicare statutes, the Secretary's sovereign immunity is waived only in specific circumstances not applicable in this action" <u>Id</u>. Waiver of sovereign immunity must be "strictly construed, in terms of its scope, in favor of the sovereign" <u>Id</u>., citing <u>Lane v. Pena</u>, 518 U.S. 187. Accordingly, this Court accepts Defendant's argument that sovereign immunity has not been waived.

## III. Plaintiffs' Motion Seeking Supplemental Jurisdiction

### A. Parties' Arguments

Plaintiffs also filed a Motion for the Court to Accept Supplemental Jurisdiction over Plaintiffs' State Law Claims (doc. 14). In the motion, Plaintiffs argue this Court has original jurisdiction under 28 U.S.C. § 1346 over the claims against the Secretary of the Department of Health and Human Services (<u>Id</u>.). As

a result, Plaintiffs suggest this Court should accept supplemental jurisdiction over the state law claims as well (Id). Plaintiffs allege that all the claims in this case derive from a common nucleus of operative fact: the sale of the nursing home and the monetary obligations which arose after the sale (Id.). Accordingly, Plaintiffs argue that judicial economy will best be served if this Court accepts supplemental jurisdiction under 28 U.S.C. § 1367 (Id.).

The Non-Federal Defendants argue in response that the "circumstances here undisputedly demonstrate that the matter should be remanded to state court if this Court dismisses the Medicare Claims, whether on the substantive merits or on the grounds identified by Defendant Secretary's Motion to Dismiss" (doc. 18). Defendants distinguish the two different disputes in question: (1) the reciprocal demands among Plaintiffs and Defendant Sayva for payment of Medicare Monies ("Medicare Claims") and (2) the bed taxes assessed by Ohio's Medicaid program ("Bed Tax Claims") (Id.). Defendants argue that if the Motion to Dismiss is granted or if Defendants were to win on the Medicare Claims, then the Bed Tax Claims would be the only viable claims for decision (Id.). Defendants assert that these Bed Tax Claims are a "novel or complex issue of state law" and consequently should be dismissed under 28 U.S.C. § 1367(c) (Id.). In their Reply, Plaintiffs argue that based on judicial economy, the Court should exercise its discretion

8

to accept supplemental jurisdiction over the state claims presented in this case (doc. 21).

**B. Discussion**

The Court finds well-taken Non-Federal Defendants' argument that Plaintiffs' state law claims are separate and distinct from the federal law claims (doc. 18). As discussed above, because the Court finds Plaintiffs failed to exhaust all administrative remedies and recognizes no waiver of sovereign immunity by the United States, the Court concludes there is no federal jurisdiction over the claims against Defendant Secretary. In view of the fact that the Court has dismissed the federal claims put forth by Plaintiffs against Defendant Secretary, the only means by which the Court can exercise jurisdiction over the state law claims would be through supplemental jurisdiction. 42 U.S.C. § 1367. In its discretion, the Court declines to do so. <u>Carlsbad Technology, Inc. V. HIF BIO, Inc.</u>, 129 S. Ct. 395 (U.S. 2008).

**IV. Conclusion**

Having reviewed this matter, the Court finds well taken Defendant Secretary's Motion to Dismiss Plaintiffs' Complaint (doc. 11). The Court finds that there has been a failure to exhaust administrative remedies and there has been no waiver of sovereign immunity. Furthermore, the Court finds there is no subject matter jurisdiction and declines to exercise supplemental jurisdiction over the state law claims between Plaintiffs and Non-Federal

Defendants (doc. 14). Accordingly, the Court GRANTS Defendant Secretary's Motion to Dismiss (doc. 11) and DISMISSES all the claims brought by Plaintiffs against Defendant Secretary WITH PREJUDICE. The Court further DISMISSES Plaintiffs' state law claims, to wit: breach of contract, declaratory judgment, conversion, unjust enrichment/quantum meruit, punitive damages, and attorney fees against Defendants Hunter Properties, Westwood Property, and Sayva without prejudice to refiling, in state court.

    SO ORDERED.

Dated: June 18, 2009        <u>s/ S. Arthur Spiegel</u>
                            S. Arthur Spiegel
                            United States Senior District Judge